LOTTINGER, Judge.
This is a suit filed by the State of Louisiana, through the Department of Highways against Luke Carlina. The suit was filed under the authority of Article VI Section 19.1 of the Constitution of the State of Louisiana and the provisions of LSA-R.S. 48:441-460. The matter was previously before this Court on other questions, however, this appeal concerns only a question of quantum. The Lower Court awarded judgment in favor of defendant, Luke Carlina in the sum of Ten Thousand Six Hundred Forty-eight ($10,648.00) Dollars. The defendant has appealed seeking an increase in quantum and the petitioner answered the appeal seeking a decrease in quantum.
The record discloses that the petitioner, on July 21, 1959, filed this expropriation proceeding against the defendant, Luke Carlina, and deposited Seven Thousand ($7000.00) Dollars, to the account of defendant as compensation for the land taken. There were two tracts of land expropriated by the state, one comprising 10.573 acres, and the other comprising .051 acres, both tracts being situated within the town of Patterson, Louisiana. After hearing the evidence, the Lower Court allowed the sum of Seventy-five ($75.00) Dollars, computed at Fifteen Hundred ($1500.00) Dollars, per acre for the taking of the .051 tract. This part of the award is not now in dispute. With regard to the 10.573 acre tract, the Lower Court awarded Ten Thousand Five Hundred Seventy-three ($10,573.00) Dollars, computed at One Thousand ($1000.00) Dollars per acre. It is upon this latter award that the defendant has appealed and the petitioner has filed an answer thereto.
The record discloses that the defendant owns a large tract of land situated in the town of Patterson, from which the disputed tract has been carved. The expropriated property runs alongside the Southern Pacific Railroad tracks. The reason for the expropriation was for Highway purposes.
Three expert appraisers testified on trial of the matter, two on behalf of defendant, Luke Carlina, and one on behalf of petitioner, the State Department of Highways. Mr. Dan J. Oliver and Mr. Michael Hebert, both expert appraisers testifying for defendant, were of the opinion that the highest and best use of the property taken was *267 for subdivision purposes. They testified that a portion of the larger tract of land, from which the tract in question was carved, had already been subdivided. The lots in the subdivided portion, according to the testimony of the experts, had been selling in the neighborhood of from Fourteen Hundred ($1400.00) Dollars to Two Thousand ($2000.00) Dollars prior to the time of taking. Lots in other subdivisions in the town of Patterson which were similarly situated were then selling within the same price range. Their testimony was to the effect that the property taken was relatively high ground and had good drainage. It was their opinion that similarly situated acreage would sell, for subdivision purposes, in the neighborhood of Four Thousand ($4000.00) Dollars to Four Thousand Two Plundred ($4200.00) Dollars per acre, but, because of the removal of the property taken from the other subdivided property plus the expense of development, this property, if subdivided, would net Fifteen Hundred ($1500.00) Dollars per acre. They were of the opinion that a prudent investor would pay that figure for the land taken in a raw condition.
Mr. J. Louis Blouin, an expert appraiser who testified on behalf of petitioner, the Louisiana Department of Highways, stated that, the highest and best use of the property expropriated was as farm land, and his appraisal of same was in the sum of Five Hundred ($500.00) Dollars per acre. He testified, however, that if he had thought the Carlina property was potential subdivision land, his appraisal would have been in the sum of Fifteen Hundred ($1500.00) Dollars, per acre. He further stated that his total appraisal for the 10.573 acre tract was in the sum of Five Thousand Three Hundred Seventy-five ($5,375.00) Dollars, however, there were several other appraisers employed by petitioner to make appraisals on this particular tract of land and as their appraisals differed from his appraisal, they got together and discussed the matter and came up with an arbitrary figure of Seven Thousand ($7000.00) Dollars, which sum was deposited in this proceeding for the total taking, including the .051 acre tract.
The Lower Court, in its reasons for judgment, stated as follows:
“However, it is evident from the record that adjoining properties have been profitably subdivided and that the property with which we are concerned lies in the immediate area and is as attractive for residential purposes as the property already subdivided. It is also shown that when the adjoining subdivisions are extended they must extend onto this vacant tract as they cannot extend toward town for there is no available property in that direction.
“It does not appear logical that such property, lying within a municipality, can be classified as farm land just because it is capable of raising crops.
“For these reasons, therefore, we must conclude that the best use of this property is not for farming purposes but for residential purposes.”
After thus holding that the best use of the property taken was for residential purposes, the Lower Court, instead of using the Fifteen Hundred Dollar figure as testified by all three appraisers as being the value per acre of land for subdivision purposes, took an arbitrary figure of One Thousand ($1000.00) Dollars and rendered judgment accordingly. We believe this was reversible error.
The Courts have held that the value of land expropriated must be the best and highest use to which the property may reasonably be put in the not too distant future. If such potential use is shown within the reasonably near future, the owner is entitled to compensation on the basis of such use notwithstanding the property is not being utilized for such at the time of the taking. Plaquemines Parish School Board v. Miller, 222 La. 584, 63 So.2d 6, and *268 Central Louisiana Elec. Co., v. Harang, La.App., 131 So.2d 398.
We believe that the evidence reflects that the property in question was subdivisable and that the Court should have used the Fifteen Hundred ($1500.00) Dollars value per acre as testified by the expert witnesses. There will be judgment accordingly.
The judgment of the Lower Court is therefore amended so as to increase the award to defendant to the sum of Fifteen Hundred ($1500.00) Dollars per acre or the sum of Fifteen Thousand Eight Hundred Fifty-nine and 50/100 ($15,859.50) Dollars, for the 10.573 acre tract, and the sum of Fifteen Hundred ($1500.00) Dollars per acre, or the sum of Seventy-five ($75.00) Dollars, for the .051 acre tract, and, as amended, the judgment of the Lower Court will be affirmed. All costs of this appeal will be paid by plaintiff.
Judgment amended and affirmed.